IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
STATE OF ILLINOIS
SOUTHERN DIVISION

| | |
|---|---|
| TERRY L. LANEY JR.<br>    **Plaintiff,**<br><br>vs.<br><br>PRAIRIE FARMS DAIRY, INC,<br>  Serve at:    1800 Adams Street<br>               Granite City, Illinois 62040<br><br>and<br><br>RICK DIEK, in his official capacity as<br>Human Resource Manager for Prairie<br>Farms and individually,<br>  Serve at:    1800 Adams Street<br>               Granite City, Illinois 62040 | Cause No.  18-1768<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff TERRY L. LANEY JR and for his cause of action against Defendant Prairie Farms Dairy and Rick Diek, states as follows:

### I.    NATURE OF THE ACTION

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), and the Illinois Law Against Discrimination 775 ILCS 5/2-102.

2. Plaintiff Terry L. Laney Jr., "Plaintiff") allege that Defendants Prairie Farms Dairy ("Prairie Farms"), and Rick Diek (collectively, "Defendants"), unlawfully discriminated against him on the basis of his race, harassed him on the basis of race, and retaliated against him.

3. Plaintiff seek injunctive and declaratory relief, compensatory damages,

1

punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

## II. THE PARTIES

4. Plaintiff Terry L. Laney Jr. is an African-American. He worked as EQ 70 operator for Defendants, from approximately 2014 to 2018.

5. Upon information and belief, Defendant Prairie Farms Dairy Incorporated is a manufacturer of farm products for sale in retail grocery stores.

6. Defendant Prairie Farms operates an office in Madison County, Illinois, and all or most of the events alleged herein occurred while Plaintiff were employed by Defendant in that location.

7. At all times relevant herein, Defendant Prairie Farms had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

8. Defendant Prairie Farms was also an "employer" within the meaning of the Illinois Law Against Discrimination.

9. At all times relevant herein, Defendant Prairie Farms had at least fifteen employees and was therefore an "employer" within the meaning of Title VII.

10. Defendant Rick Diek, at all relevant times, was employed by the Defendant Prairie Farms as a Human Resource Manager.

## JURISDICTION AND VENUE

11. This Court has jurisdiction of Plaintiff' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

12. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff' state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving Plaintiff' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

13. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. On or around June 28, 2018, the EEOC issued Plaintiff Notices of Right to Sue.

15. Plaintiff have timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

### IV. FACTUAL ALLEGATIONS

16. At all times material to this action, Plaintiff Terry L. Laney Jr. were employed by Defendants as a EQ 70 operator in Defendants' Madison County, Illinois plant.

17. Plaintiff is an African American male who was employed by the above referenced employer from August 11, 2014, until his discharge on or about April 10, 2018.

18. Plaintiff held the position of EQ 70 Operator.

19. On August 17, 2017, Plaintiff filed a charge of discrimination with the EEOC based on, among other things, race discrimination.

20. Thereafter, in retaliation for engaging in the aforementioned protected activity and because of his race, Defendant Prairie Farms, though its employees including, Defendant Diek, harassed Plaintiff.

21. In addition to the harassment, Plaintiff was subjected to different terms and conditions of employment and given several writes ups due to alleged violations.

22. On April 6, 2018, plaintiff was suspended due to being falsely accused of

threatening and being insubordinate towards a member of management.

23. On April 10, 2018, Plaintiff was terminated for the same false reasons.

24. Similarly situated Caucasian individuals have been treated better than plaintiff and other African-Americans individuals under the same or similar circumstances.

## V. CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
Race Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. § 2000e

25. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24, above.

26. Title VII, 42 U.S.C. § 2000e, prohibits employment practices that discriminate against persons on the basis of his race.

27. On April 4, 2018, Plaintiff was working the second shift, when he was approached by a supervisor, Antoine Simms ("Simms").

28. Simms asked plaintiff if his break was over.

29. Plaintiff replied in the affirmative and began to walk to the work area.

30. Simms spoke to plaintiff in a disrespectful tone and manner.

31. Simms declared that he was the "Boss," and that he was not having the nonsense on this shift.

32. Plaintiff found Simms manner and tone unprofessional and attempted to remove himself from the situation.

33. Other supervisors were present and attempted to calm Simms, to no avail.

34. Simms is African-American, however, based on information and belief, Simms was acting at the direction of Diek.

35. Plaintiff reported the incident to Rich Diek, who was the Human Resource Manager.

4

36. Rich Diek has a history of aggressive behavior toward plaintiff.

37. Plaintiff previously filed complaints against Diek.

38. Diek was responsible for conducting the investigation of the incident.

39. Diek gave little or no consideration to the plaintiff's statement of facts.

40. Despite Simms clearly engaging in aggressive behavior toward plaintiff and acting unbecoming of a supervisor, Plaintiff was a falsely accused of being the aggressor.

41. Plaintiff was suspended and ultimately terminated.

42. The actions of Simms was directed toward Plaintiff because he is African-American.

43. There were other Caucasian employees on this day and days prior that took a break in excess of the allotted time, including Janet Illig and Marty Regal.

44. Simms did not treat other similarly situated Caucasians the same.

45. In fact, no discipline was taken against the Caucasian employees.

46. Plaintiff was told that his termination was due to insubordination and a threat upon management. Said assertions are completely without merit.

47. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

48. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on race.

49. Plaintiff are entitled to his reasonable attorneys' fees and costs of suit.

**SECOND CLAIM FOR RELIEF**
National Origin-Based Discrimination (Hostile Work Environment) in Violation of
Title VII of the Civil Rights Act of 1964, *as amended,*
42 U.S.C. § 2000e

5

50. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 49, above.

51. Plaintiff were subjected to harassment by Defendants' agents and employees, including Antoine Simms and Rich Diek, because of his race, African-American.

52. Plaintiff were subjected to verbal and written conduct, , by Defendants' agents and employees, including Antoine Simms and Rich Diek.

53. Defendants' agents and employees' conduct was not welcomed by Plaintiff.

54. Defendants' agents' and employees' conduct was undertaken because of Plaintiff's race, African-American.

55. The conduct was so severe or pervasive that reasonable persons in Plaintiff' positions would find his work environment to be hostile or abusive.

56. Plaintiff believed his work environment to be hostile or abusive as a result of Defendants' agents' and employees' conduct.

57. Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel, including Rich Diaz, with information sufficient to raise a probability of racial harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

58. Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of national origin, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

59. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

60. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on national origin.

61. Plaintiff are entitled to his reasonable attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF
Retaliation in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-3(a)

62. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 61, above.

63. Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

64. Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race.

65. As a result of Plaintiff' complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings, threats of termination; reprimands by supervisors; suspension and termination aimed specifically at Plaintiff.

66. Defendants' adverse actions constituted retaliatory workplace harassment.

67. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

68. As a direct, legal and proximate result of Defendants' retaliation, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

69. Plaintiff are entitled to his reasonable attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF
Race-Based Discrimination in Violation of
Illinois Law Against Discrimination
775 ILCS 5/2-102

70. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 69, above.

71. Illinois Law Against Discrimination makes it unlawful for an employer to discriminate against an individual in terms, conditions or privileges of employment because of race.

72. Plaintiff's race was motivating force behind his termination.

73. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

74. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on national origin and ancestry.

75. Plaintiff are entitled to reasonable attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF
Race-Based Discrimination (Hostile Work Environment) in Violation of
Illinois Law Against Discrimination
775 ILCS 5/2-102

76. Plaintiff incorporate by reference as if fully set forth herein allegations contained in paragraphs 1 through 75, above.

77. Plaintiff was subjected to harassment by Defendants' agents and employees, including Antoine Simms and Rick Diek, because of Plaintiff' race.

78. Defendants' agents and employees' conduct was not welcomed by Plaintiff.

79. Defendants' agents and employees' conduct was because of the fact that Plaintiff are members in a protected class.

80. The conduct was so severe or pervasive that a reasonable person in Plaintiff' positions would find Plaintiff' work environment to be hostile or abusive.

81. Plaintiff found his work environment to be hostile or abusive as a result of Defendants' agents and employees' conduct.

82. Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel, including Antoine Simms and Rich Diek, with enough information to raise a probability of race harassment in the mind of a reasonable employer, and/or the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

83. Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of national origin and ancestry, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

84. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

85. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on

national origin and ancestry.

86. Plaintiff are entitled to reasonable attorneys' fees and costs of suit.

## DECLARATORY RELIEF ALLEGATIONS

87. A present and actual controversy exists between Plaintiff and Defendants concerning his rights and respective duties. Plaintiff contend that Defendants violated his rights under Title VII and the Illinois Law Against Discrimination. Plaintiff are informed and believe and thereon allege that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

88. Plaintiff seek a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

89. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

90. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief as follows:

1. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2. For reinstatement;

3. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

4. For compensatory damages for Plaintiff' emotional pain and suffering, in an amount to be proven at trial;

5. For punitive damages in an amount to be determined at trial;

6. For liquidated damages;

7. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

8. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

9. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k), Illinois State Law 775 ILCS 5/2-102, and other laws; and

10. For such other and further relief as this Court deems just and proper.

Dated: September 25, 2018

## DEMAND FOR JURY TRIAL

Respectfully submitted,

**SMITH AND ASSOCIATES, LLC**

/s/ Donnell Smith
Donnell Smith  MO#44510
6101 Delmar Boulevard, Suite A
St. Louis, MO  63112
(314) 361-2500 Phone
(314) 361-2525 Fax
*Attorney for Plaintiff*
***donnell.smith@smithlawpractice.com***

11